{¶ 25} I would affirm the court's decision to refer the matter to arbitration because Molina did not show, with the requisite degree of particularity in cases alleging fraud, that her signature on the agreement to arbitrate had been forged. A comparison of signatures on the documents easily confirms that the signature on the agreement to arbitrate is hers. Molina did not offer any expert evidence to prove her claim, nor did she explain away the similarity of the signatures. In short, there is simply no objective evidence to meet the very high threshold of proving a fraud claim.
 {¶ 26} Even more fundamentally, I believe that this court's decision enables parties to an arbitration agreement to avoid their obligation by raising any allegation of fraud as a means of delay. Of course, the existence of an agreement to arbitrate is contractual in nature and for the court to decide in the first instance. But the holding in this case permits any party to avoid immediate arbitration by alleging, without more, that a signature has been forged. "Ohio and federal courts encourage arbitration to settle disputes." ABM Farms, Inc. v. Woods
(1998), 81 Ohio St.3d 498, 500, 1998-Ohio-612. Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp. (1983), 460 U.S. 1,24-25, 103 S.Ct. 927, 74 L.Ed.2d 765. If we permit barebone allegations of fraud to delay the resolution of private disputes, we openly conflict with the stated policies which encourage arbitration of all disputes. I therefore respectfully dissent.